Dear Ms. Wiley:
You have requested an opinion of the Attorney General relative to the use of parish equipment and labor on private property. You specifically ask, under what circumstances can parish equipment and labor be utilized on private property in emergency or disaster situations.
Initially, it should be noted that Article VII Section 14 of the 1974 Louisiana Constitution generally prohibits the funds, credit, property or things of value of the state or any political subdivision from being loaned, pledged or donated to or for any person, association or public or private corporation. This constitutional provision recognizes certain exceptions to this general prohibition, one of which is the use of public funds for programs of social welfare for the aid and support of the needy.
This office has issued numerous opinions which provide that parishes and other political subdivisions may not provide public funds, equipment and/or labor for work conducted on private property. Attorney General Opinion Nos. 97-99, 96-143, 96-42, 94-388, 94-102, 92-265, 87-464, 81-316, 81-60, 77-700 and 76-649.
We have also issued opinions recognizing the legality of the use of parish and/or municipal equipment and labor for the benefit of private individuals in accordance with systematic programs of financial support for the needy. In so holding, we note that the parish or municipality should establish objective eligibility requirements to ensure that the activity truly serves only the needy. Attorney General Opinion Nos. 96-348, 94-157, 92-780, 80-115, 78-1259 and 78-1262. We now turn to the issue of emergency conditions.
Article I, Section 1 of the Louisiana Constitution provides the following:
1. Origin and purpose of government
All government, of right, originates with the people, if founded on their will alone, and is instituted to protect the rights of the individual and for the good of the whole. Its only legitimate ends are to secure justice for all, preserve peace, protect the rights, and promote the happiness and general welfare of thepeople. The rights enumerated in this Article are inalienable by the state and shall be preserved inviolate by the state. (Emphasis added.)
We are of the opinion that a distinction should be made between the ordinary day-to-day use of parish personnel and equipment for the benefit of private individuals, and the use of these same resources to promote the general welfare of the people of this State during times of disaster and emergency. We find support for our position in R.S. 29:721 through 736 entitled, "Louisiana Emergency Assistance and Disaster Act" (Act). Section 722 enumerates the purposes for which the Act was passed, including the following:
 A. Because of the existing possibility of the occurrence of emergencies and disasters resulting from fire, flood, earthquake, or other natural or man-made causes and in order to ensure that preparations of this state will be adequate to deal with such emergencies or disasters, and generally to preserve the lives and property of the people of the state of Louisiana, it is hereby found and declared to be necessary:
 * * *
 (2) To confer upon the governor and the parish presidents the emergency powers provided in this Chapter.
 * * *
 (4) To reduce vulnerability of people and communities of this state to damage, injury and loss of life and property resulting from natural or man-made catastrophes. . . .
 (5) To prepare for prompt and efficient evacuation, rescue, care and treatment of persons victimized or threatened by disasters or emergency.
 (6) To provide a setting conducive to the rapid and orderly start of restoration and rehabilitation of persons and property affected by emergencies or disasters.
 (7) To authorize and provide for cooperation in emergency or disaster prevention, mitigation, preparedness, response, and recovery. (Emphasis added.)
Section 723 defines the following terms for purposes of the Act:
 (1) "Disaster" means the result of a natural or man-made event which causes loss of life, injury, and property damage, including but not limited to natural disasters such has hurricane, tornado, storm, flood, high winds, and other weather related events.
 (2) "Emergency" means:
 (a) The actual or threatened condition which has been or may be created by a disaster; or
 (b) (i) Any natural or man-made event which results in an interruption in the delivery of utility services to any consumer of such services and which affects the safety, health or welfare of a Louisiana resident;
 (ii) Any instance in which a utility's property is damaged and such damage creates a dangerous condition to the public.
 * * *
 (4) "Local governmental subdivision" means a parish of the state of Louisiana.
 (5) "Parish president" means the president of any parish, mayor-president, mayor of New Orleans (Orleans Parish), or police jury president.
Section 724 provides the procedures for the declaration of an emergency or disaster by the governor. Section 727 provides the procedures for the declaration of a local disaster or local emergency by a parish president. The purpose of these declarations is to give the governor and/or the parish president the reasonable and necessary powers to carry out the provisions of the Act.
In addition, Section 735 grants general immunity to personnel of the State or any political subdivision thereof, for any actions carried out pursuant to the Act resulting in the death of, or injury to persons, or damage to property as a result of such actions.
In summary, it is the opinion of this office that, in general, the use of parish equipment and labor on private property is prohibited by Article VII Section 14 of the Louisiana Constitution. An exception to this prohibition exists when parish equipment and labor are used for the benefit of private individuals in accordance with a systematic program of financial support for the needy.
Further, parish equipment and labor may be utilized on private property in the event of a declaration of an emergency or disaster in accordance with R.S. 29:721 et seq. I am enclosing a copy of the "Louisiana Emergency Assistance and Disaster Act" for your reference and convenience.
We recognize that instances often arise when a parish governing authority may be required to dispatch personnel and equipment in response to emergencies involving private individuals and/or property, without the necessity of a formal declaration of emergency. For example, emergency medical, fire and police units may be needed to protect life and property, or Public Works Department personnel and equipment may be dispatched to resume parish services which have been inadvertently interrupted. In such cases, discretion should be exercised so that the level of the services provided are not so excessive that they constitute an unconstitutional use of public personnel and equipment.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III/sfj
Enclosure
cc: Grover Austin Asst. Legislative Auditor
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General